Annalee NOE, Plaintiff-Appellant,

v.

R.A. WARD, Director, Oklahoma Department of Transportation; Paul Adams, Director of Accounting, Oklahoma Department of Transportation; Betty Schardt, Accounting Division Supervisor, Ada District Office, Oklahoma Department of Transportation, as an individual; Max Hinderliter, Division Engineer, Ada District Office, Oklahoma Department of Transportation, as an individual; Doyle Johnston, Assistant Engineer, Ada District Office, Oklahoma Department of Transportation, as an individual, Defendants-Appellees.

No. 84-1090.

United States Court of Appeals, Tenth Circuit.

Feb. 11, 1985.

---

Diana G. Mueller, Oklahoma City, Okl., for plaintiff-appellant.

Norman N. Hill, Gen. Counsel, Oklahoma Dept. of Transp., Oklahoma City, Okl., for defendants-appellees.

Before BARRETT, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is thereby submitted without oral argument.

This is a civil rights action charging religious discrimination in violation of 42 U.S.C. § 2000e et seq. The district court dismissed the complaint and entered judgment for the defendants because of the failure of the plaintiff to comply with the 90-day time limitation as provided in 42 U.S.C. § 2000e–5(f)(1). She appeals. We affirm.

The Equal Employment Opportunity Commission, EEOC, found no cause for religious discrimination. On March 29, 1983, it sent plaintiff a "Right to Sue" letter. Plaintiff had been represented before the EEOC by an attorney. The "Right to Sue" letter was received by plaintiff on April 4, 1983, and the letter to her attorney was received in her office on April 11, 1983. Appellant's brief, p. 2. Plaintiff filed her law suit on July 7, 1983. The question is whether the 90-day period begins to run from the date plaintiff received the "Right to Sue" letter or from the date the plaintiff's attorney received the letter.

Section 2000e–5(f)(1) provides in pertinent part:

"... If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person*

*claiming to be aggrieved...."* [Emphasis supplied.]

The statute is clear. The party aggrieved may bring suit within ninety days after the giving of notice by the EEOC. The plaintiff, the aggrieved party, received notice on April 4 and did not bring suit until July 7, 94 days after receiving notice. She argues that the 90 days runs after her attorney received notice. The attorney received notice on April 11 and the suit was brought July 7 or 87 days after notice. She argues that the time did not begin to run until her attorney had received the notice.

 We recognize the well established rule that notice to an attorney is imputed to the client. See *Gonzalez v. Stanford Applied Engineering, Inc.*, 9 Cir., 597 F.2d 1298, 1299; *Mays v. Memphis Light, Gas & Water Division*, W.D.Tenn., 517 F.Supp. 232, 233; and *Minor v. Lakeview Hospital*, E.D.Wis., 421 F.Supp. 485, 486–487. In each of those cases suit was not filed within the 90 days. In the instant case the plaintiff herself received notice more than 90 days before suit was filed. She may not now complain that the 90 days did not begin to run until the receipt of the "Right to Sue" letter by her attorney seven days later.

Plaintiff objects to the trial court's holding that it was without jurisdiction because the action was brought too late. She claims a conflict with *Zipes v. Trans World Airline, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234. That suit was not concerned with the 90-day right to sue but rather than the 180-day provision requiring action by the EEOC. It held, Id. 393, that the 180 days was not a jurisdictional prerequisite but rather a statute of limitations subject to equitable tolling. In *Carlile v. South Routt School District, RE 3–J*, 10 Cir., 652 F.2d 981, 985, we held that the 90 day filing requirement is subject to equitable tolling.

The right to sue provided in § 2000e–5(f)(1) did not exist at common law but rather was specifically created by Con-

gress. It must be obeyed. *Saffron v. Department of the Navy*, D.C.Cir., 561 F.2d 938, 941, cert. denied 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 and *Chauffeurs, Teamsters, etc. v. Jefferson Trucking Company, Inc.*, 7 Cir., 628 F.2d 1023, 1027, cert. denied 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111.

Plaintiff, the aggrieved party, was served with notice 94 days before the suit was brought. The claim that the receipt of the notice by her attorney seven days later, without more, gives rise to no reason for application of the principle of equitable tolling.

Affirmed.