**Deborah A. WAGHER, Plaintiff,**

v.

**GUY'S FOODS, INC., Defendant.**

**No. 91–1015–C.**

United States District Court,
D. Kansas.

May 9, 1991.

Mark Fern, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for plaintiff.

Thomas J. Lasater, Susan P. Selvidge, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., Eileen A. Groves, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The court denies defendant's request for oral argument as it would not materially assist the court in deciding the motion.

Plaintiff, Deborah A. Wagher, alleges in her complaint that she applied on two occasions for four separate openings for a route salesperson with defendant, Guy's Foods, Inc., and was denied employment each time because of the fact that she was a woman. She brings claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Kansas Act Against Discrimination, K.S.A. 44–1001 *et seq.*

■ Defendant seeks to dismiss the plaintiff's Title VII claim for failure to file her complaint in this court within the necessary time period. Title VII, in particular 42 U.S.C. § 2000e–5(f)(1), requires that the plaintiff bring the civil suit within ninety days of receipt of a right-to-sue letter. *Brown v. Hartshorne Public School Dist. #1*, 926 F.2d 959, 961 (10th Cir.1991). This ninety-day requirement is not a jurisdictional prerequisite but functions more like a statute of limitations and is subject to the same defenses of waiver, estoppel, and equitable tolling. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir.1983). Consequently, the defendant's motion does not raise an issue of subject matter jurisdiction as required in a motion pursuant to Rule 12(b)(1).

Turning to defendant's motion to dismiss pursuant to Rule 12(b)(6), it relies for the most part on the plaintiff's allegations and exhibits attached to the plaintiff's complaint in arguing for dismissal. The plaintiff has submitted three affidavits and additional exhibits in defending the timeliness of her suit. Defendant has filed a reply brief attaching an affidavit and an exhibit. The court may convert a motion to dismiss pursuant to Rule 12(b)(6) when either the movant or the claimant submits matters outside the pleadings. 5A Wright and Miller, Federal Practice and Procedure § 1366 at 486 (1990). If the court accepts the extraneous matters, the motion must be converted into one for summary judgment. *Torres v. First State Bank of Sierra County*, 550 F.2d 1255, 1257 (10th Cir. 1977). Upon conversion, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). The record does not suggest that other evidence or facts exist that defendant could present to refute the plaintiff's facts. Even so, the defendant will be given the opportunity to present any such evidence within ten days of this order. If no additional facts and evidence are submitted, this order will automatically become the final order of the court on the Title VII issues raised in defendant's motion. If evidence is submitted, the court will consider it in rendering a final decision on defendant's contentions.

The general rule in this circuit and district is that the ninety-day period for filing suit under Title VII commences on the date that the complainant actually receives the right-to-sue letter from the EEOC. *Williams v. Southern U. Gas. Co.*, 529 F.2d 483, 487 (10th Cir.) ("90–day limitation ... did not commence until the complaining party actually received the formal 'Right-to-Sue' letter."), *cert. denied,* 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417, 418–19 (10th Cir.1974); see *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d at 961; *Williams v. Board of Regents of the State of Kansas*, No. 87–2391–O, 1989 WL 19403 (D.Kan. Feb. 27, 1989) (1989 U.S.Dist. Lexis 2171); *Desaire v. Vigortone AG Products, Inc.*, No. 86–2027–S (D.Kan. Feb. 26, 1987) (1987 U.S.Dist. Lexis 1677).[1] A contrary rule "would unneces-

---

**1.** Defendant cites the case of *Noe v. Ward,* 754 F.2d 890 (10th Cir.1985), as holding to the contrary. In *Noe,* the plaintiff received the EEOC notice seven days before notice was given to her attorney. Plaintiff argued that the ninety-day period should commence from when her attor-

sarily penalize private litigants for mistakes in delivery and other delays in the mail." *Plunkett,* 504 F.2d at 419.

This general rule of actual receipt is not an inflexible one. *Banks v. Rockwell Intern. N. Am. Air Operations,* 855 F.2d 324, 326 (6th Cir.1988); *Bell v. Eagle Motor Lines, Inc.,* 693 F.2d 1086, 1087 (11th Cir.1982). In fact, courts have started counting the ninety days upon the constructive receipt of notice when it is warranted by the complainant's conduct. For example, if the complainant formally designates counsel then the filing period commences running when the counsel or the claimant receives notice. *Irwin v. Veterans Admin.,* 874 F.2d 1092, 1093 (5th Cir. 1989), *aff'd,* — U.S. —, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Josiah–Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344, 345 (D.C.Cir.1986). Another example is when the complainant fails to notify the EEOC of a change in his or her address and the right-to-sue letter is sent to the former address. Courts have started the period from when the letter was received at the former address or five days after the letter was mailed to the former address. *Banks v. Rockwell Intern. N. Am. Air Operations,* 855 F.2d 324, 325–26 (6th Cir.1988); *St. Louis v. Alverno College,* 744 F.2d 1314, 1316–17 (7th Cir.1984). Defendant contends the court should impose constructive notice in this case as the right-to-sue letter was sent to plaintiff's former address more than ninety days before the complaint was filed because the plaintiff had not informed the EEOC of the change in her address.

On January 23, 1989, the Kansas Commission on Civil Rights ("KCCR") wrote plaintiff enclosing a copy of the complaint they had helped her to prepare and telling her that the complaint would also be filed with the Equal Employment Opportunity Commission ("EEOC"). She filed her complaint with the KCCR on February 1, 1989. In October of 1989, plaintiff completed the necessary paperwork for the post office to forward her mail from her former address of 2015 South Everett, Wichita, Kansas, to her new address of 3567 Cornell, Wichita, Kansas. On November 28, 1989, plaintiff's attorney wrote the KCCR informing it of plaintiff's change of address and requesting that all future correspondence and inquiries be directed to her counsel rather than plaintiff.

By letter dated June 21, 1990, plaintiff's attorney requested a right-to-sue letter from the EEOC and asked that it be sent to him. The EEOC issued the right-to-sue letter on July 9, 1990, and addressed it only to the plaintiff's former address. Plaintiff never received this letter.

Plaintiff's attorney was contacted on October 2, 1990, by a KCCR representative who asked if suit had been filed yet as the KCCR had received notice of the EEOC's right-to-sue letter on July 27, 1990. Learning of this, plaintiff's attorney immediately contacted the EEOC about the letter. The EEOC representative later informed him that the right-to-sue letter had been sent to the plaintiff and returned unclaimed. The EEOC representative also assured plaintiff's counsel that the ninety-day period would not commence until plaintiff actually received the letter. The EEOC's compliance manual requires that all correspondence and right-to-sue letters be mailed to both the complainant and his or her attorney. The right-to-sue letter sent in July was not mailed to plaintiff's attorney. When plaintiff's attorney first learned of the right-to-sue letter on October 2, 1990, the ninety day period had not expired, but the attorney took no action in reliance upon the EEOC's representation that the period did not begin to run until the date of actual receipt.

ney received the later notice. The Tenth Circuit rejected this argument finding that the ninety-day period ran from the date of notice to the plaintiff. The Tenth Circuit in *Noe* recognized the rule was well established that notice to an attorney is imputed to the client. The court cited three cases from other circuits which had held that when the client was actively represented in the EEOC litigation by an attorney who had requested notice be sent to him or her, then notice to the attorney would suffice. Defendant stretches the language in *Noe* to say that the Tenth Circuit adopted a constructive notice rule. At most, the court recognized that under certain circumstances exceptions would exist to the actual receipt rule.

Plaintiff received a right-to-sue letter from the EEOC on October 11, 1990. She filed her lawsuit on January 8, 1991, within ninety days of her receipt of the October 11th letter.

■ One fact in this case makes it unique and distinguishable from the decisions in *Banks* and *St. Louis*. In neither case did the plaintiff's counsel write the EEOC and ask that the right-to-sue letter be issued and sent to the attorney. On the other hand, in *Ball v. Abbott Advertising, Inc.*, 864 F.2d 419, 421 (6th Cir.1988), the plaintiff did argue that her counsel had requested the right-to-sue letter be sent to his office. The Sixth Circuit rejected this argument and broadly held that the EEOC's failure to copy counsel on the right-to-sue letter did not prevent the ninety-day period from running. *Id.* This court disagrees with the conclusion in *Ball* that this is simply an instance of not copying counsel. When the complainant, as in the instant case, takes the steps necessary to insure the right-to-sue letter is sent to her legal counsel, who she has charged with the responsibility of acting upon this letter, the complainant should be able to rely on her request as a means to insure the timely prosecution of her case. Furthermore, it is apparent that the EEOC respects those requests and even encourages reliance upon it to meet the requests. This does not take away from the complainant's duty to report a change in address but only provides an alternative way for the complainant to protect her interest in the potential lawsuit. Indeed, the complainant should be able to set up a safeguard, as she did in this instance, against the possibility of her non-receipt of the letter for any number of reasons including those caused by her own neglect. For this reason, the court will not use the dates associated with the first right-to-sue letter in counting the ninety-day period.

■ All of the facts to this case, in particular the EEOC's representation to plaintiff's attorney that the ninety-day period would not commence until plaintiff actually received the letter, are well-suited for applying the doctrine of equitable tolling.

The Sixth Circuit has refused to allow equitable tolling when the complainant does not receive notice due to his or her failure to notify the EEOC of a change of address. *Banks*, 855 F.2d at 326–27 (and cases cited therein). In none of those decisions did the EEOC tell the complainant during the ninety-day period that the period would not commence running until the date of actual receipt. Equitable tolling has been applied in the Tenth Circuit as follows:

> This circuit's decisions have indicated that the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of equity. *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir.1979). For instance, equitable tolling may be appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." *Carlile v. South Routt School District RE 3–J*, 652 F.2d 981, 986 (10th Cir.1981); *see Gonzalez–Aller Balseyro [v. GTE Lenkurt, Inc.]*, 702 F.2d [857] at 859 [ (10th Cir.1983) ]. Likewise, if a plaintiff is "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights," we will permit tolling of the limitations period. *Wilkerson v. Siegfried Insurance Agency, Inc.*, 683 F.2d 344, 348 (10th Cir.1982); *see also Cottrell*, 590 F.2d at 838.

*Johnson v. U.S. Postal Service*, 861 F.2d 1475, 1480–81 (10th Cir.1988) (quoting *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984), *cert. denied*, —— U.S. ——, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989). The EEOC's statement that the ninety-day time limitation would not begin running until plaintiff actually received the right-to-sue letter actively misled and lulled plaintiff's counsel into inaction. For this reason, the ninety-day period is equitably tolled until the plaintiff actually received the second right-to-sue letter. The defendant's motion to dismiss is denied on this point.

In its motion, defendant also argued that the court lacked jurisdiction of plaintiff's claims under the Kansas Act Against Dis-

crimination ("KAAD"), K.S.A. 44–1001 *et seq.*, because exclusive jurisdiction of KAAD claims was vested with state district courts. For support, defendant cited only the Judge Saffels' case of *Ditch v. Bd. of County Com'rs of County of Shawnee*, 650 F.Supp. 1245, 1252–53 (D.Kan.1986). Defendant failed to note that less than a year later Judge Saffels changed his mind on this issue and amended the earlier order to hold that federal courts could exercise pendent jurisdiction over claims under the KAAD. *Ditch v. Bd. of County Com'rs of Shawnee Cty., Kan.*, 669 F.Supp. 1553, 1554 (D.Kan.1987). With good cause, the defendant abandoned this argument in its reply brief. Defendant's motion is denied on this issue.

Also under this argument on jurisdiction, defendant in a footnote to a parenthetical remark made the contention that plaintiff failed to bring her claim within the two-year limitations period recognized in *Ditch*, 650 F.Supp. at 1253. Plaintiff did not respond to this argument. Since this separate contention does not address jurisdiction, which was the labelled topic for that section of defendant's memorandum, and since the contention is nestled succinctly in a single footnote, the court has a concern of whether plaintiff was adequately notified of it. The court will provide the plaintiff ten days from the filing date of this order to respond to this contention and if no response is filed, the court will consider the contention to be uncontested.

In defendant's reply brief appears for the first time the issue whether plaintiff exhausted her administrative remedies before bringing her KAAD claims. In pursuit of fairness and proper notice, this court's practice is to deny or exclude summarily all arguments and issues first raised in reply briefs. See *Glad v. Thomas County National Bank*, No. 87–1299 at 3–4, 1990 WL 171068 (D.Kan. Oct. 10, 1990). Since the plaintiff is being given the opportunity to file an additional brief on another issue that reasonably could have been overlooked in the original motion, the court will direct the plaintiff to respond to this new issue in the reply brief, and the court will decide it as if properly raised in the original motion.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for failure to bring a timely Title VII claim is denied;

IT IS FURTHER ORDERED that plaintiff will have ten days from the date of this order to file a response to defendant's contentions that the plaintiff's claims under KAAD are untimely and barred for failure to exhaust administrative remedies.