Deborah A. WAGHER, Plaintiff,

v.

GUY'S FOODS, INC., Defendant.

No. 91–1015–C.

United States District Court,
D. Kansas.

July 31, 1991.

Mark Fern, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for plaintiff.

Thomas J. Lasater, Susan P. Selvidge, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., Eileen A. Groves, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

In its order dated May 9, 1991, 765 F.Supp. 667, this court converted the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment pursuant to Rule 56 because both parties submitted evidentiary materials outside of the pleadings. Since plaintiff filed several affidavits and exhibits, the court allowed the following:

> The record does not suggest that other evidence or facts exist that defendant could present to refute the plaintiff's facts. Even so, the defendant will be given the opportunity to present any such evidence within ten days of this order. If no additional facts and evidence are submitted, this order will automatically become the final order of the court on the Title VII issues raised in defendant's motion. If evidence is submitted, the court will consider it in rendering a final decision on defendant's contentions.

(Dk. 19 at p. 3). The defendant has submitted a pleading captioned "Defendant's Suggestion of Additional Evidence and Request for Reconsideration" (Dk. 26), and the plaintiff has filed a reply (Dk. 31) to that pleading.

In its first memorandum, defendant argued the plaintiff had failed to file her Title VII suit within ninety days of her constructive receipt of the right-to-sue letter at her former address in July of 1990. The EEOC had mailed the letter to plaintiff's former address on July 9, 1990, and it was not claimed because the plaintiff had since moved and had not informed the EEOC of her address change. Based on the evidence and arguments of record, the court held that the ninety-day period did not commence until the plaintiff actually received the right-to-sue letter on October 11, 1990. The court stressed that plaintiff's counsel in the letter of June 21, 1990, specifically requested the EEOC to send the right-to-sue letter to him and that the EEOC had failed to do that in July. The court reasoned:

> When the complainant, as in the instant case, takes the steps necessary to insure the right-to-sue letter is sent to her legal counsel, who she has charged with the responsibility of acting upon this letter, the complainant should be able to rely on her request as a means to insure the timely prosecution of her case. Furthermore, it is apparent that the EEOC respects those requests and even encourages reliance upon it to meet the requests. This does not take away from the complainant's duty to report a change in address but only provides an alternative way for the complainant to protect her interest in the potential lawsuit. Indeed, the complainant should be able to set up a safeguard, as she did in this instance, against the possibility of her non-receipt of the letter for any num-

ber of reasons including those caused by her own neglect. For this reason, the court will not use the dates associated with the first right-to-sue letter in counting the ninety-day period.

(Dk. 19 at pp. 6–7). Implicit in the court's ruling and reasoning is the assumption that plaintiff's attorney also did not receive written notice of the right-to-sue letter before October 11, 1990.[1] Defendant has since proved the assumption to be erroneous.

■ Defendant has submitted the affidavit of Richard Schuetz, the enforcement manager with the EEOC's office in St. Louis, Missouri, in which he states that a right-to-sue letter was issued to plaintiff and her attorney on October 2, 1990, that on October 9, 1990, the plaintiff's attorney or someone from plaintiff's attorney's office called and gave him the plaintiff's new address, and that the right-to-sue letter was mailed the third time on October 9, 1990. Defendant also draws the court's attention to exhibit I attached to plaintiff's first response (Dk. 15), which is the copy of a envelope addressed to plaintiff's attorney from the EEOC bearing a postmark of October 3, 1990. From the affidavit of plaintiff's attorney (Dk. 15, Ex. G), defendant argues it can be inferred the plaintiff's counsel received the right-to-sue letter sometime after October 3, 1990, discovered that his client had not received the second mailing, deduced that the EEOC was mailing the letters to the client's former address, and then called the EEOC on October 9, 1990, and gave the current address of his client. Utilizing the presumption that receipt occurs within five-days of mailing, defendant contends the plaintiff's counsel received the right-to-sue letter on October 7 or 8, 1990; therefore, the plaintiff filed suit more than ninety days after constructive receipt of notice by her attorney.

In response, plaintiff alerts the court that the defendant's present argument is new to these motions. The court appreciates that fact and has allowed the plaintiff to file her response to that argument. Denying the argument on this basis alone would only delay a decision on it since nothing apparently prevents the defendant from raising this matter in another dispositive motion.

■ Plaintiff next contends the defendant's argued inferences on when her counsel received the right-to-sue letter are mere conjecture. There is nothing conjectural in following a common-law presumption of receipt after mailing if the addressee does not offer any evidence to rebut the presumption. See *Banks v. Rockwell Intern. N. Am. Air. Operations,* 855 F.2d 324, 326 (6th Cir.1988); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 n. 3 (6th Cir.1987); *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir.1986) (citing *Accord* 20 C.F.R. § 422.210(c) (1985) presumes social security claimant receives notice of right-to-sue five days after notice first enters the mail)). Exhibit G establishes receipt by plaintiff's counsel, and the presumption is needed only to provide a reasonable and workable five-day framework. Plaintiff does not rebut the five-day presumption with evidence, such as her counsel's denial that he received the EEOC letter on or before October 7 or 8, 1990. The presumption stands uncontroverted.

The Supreme Court recently enforced in a Title VII case the well-established rule that notice to an attorney is imputed to the client. *Irwin v. Veterans Administration,* —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The Court said:

> There is no question but that petitioner appeared by his attorney in the EEOC proceeding. Under our system of repre-

---

1. The court at pages four and five of its order referred to the constructive receipt rule applied when the complainant's counsel receives notice. The court there cited the decisions of *Irwin v. Veterans Admin.,* 874 F.2d 1092, 1093 (5th Cir. 1989), *aff'd,* —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and *Josiah–Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344, 345 (D.C.Cir.1986). The court further discussed in the footnote on page six the Tenth Circuit decision of *Noe v. Ward,* 754 F.2d 890, 892 (10th Cir.1985), where in a Title VII case the court recognized the "well established rule that notice to an attorney is imputed to the client." (citations omitted).

sentative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634 [82 S.Ct. 1386, 1390, 8 L.Ed.2d 734] (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 [25 L.Ed. 955] (1880)). Congress has endorsed this sensible practice in the analogous provisions of the Federal Rules of Civil Procedure, which provide that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court." Fed.R.Civ.P. 5(b). To read the term "receipt" to mean only "actual receipt by the claimant" would render the practice of notification through counsel a meaningless exercise. If Congress intends to depart from the common and established practice of providing notification through counsel, it must do so expressly. (citation omitted).

111 S.Ct. at 456. Although the Court in *Irwin* was construing 42 U.S.C. § 2000e-16(c), "within thirty days of receipt of notice of final action taken ... an employee or applicant," this court believes that same rationale is equally applicable and compelling in construing 42 U.S.C. § 2000e-5(f), "shall so notify the person aggrieved and within ninety days after the giving of such notice...." Section 2000e-5(f) does not expressly eliminate the common practice of giving notice through an attorney. For these reasons, the court finds the plaintiff Wagher received the right-to-sue letter on October 7 or 8, 1990, through her attorney so as to trigger the running of the ninety-day period. Plaintiff's suit is untimely unless saved by the principles of equitable tolling.

■ In its May 9th order, this court held, in the alternative, that the case was "well-suited for applying the doctrine of equitable tolling." (Dk. 19 at p. 8). The court focused on the fact that the EEOC had told the plaintiff that the ninety-day period would not commence until the plaintiff actually received the right-to-sue letter. The court believed the EEOC's statement actively misled and lulled the plaintiff's counsel into inaction. Presumed in the court's discussion and finding is that the only question before it was the equity of tolling the 90–day period from the July mailing to plaintiff's former address until the plaintiff actually received the letter on October 11, 1990. At no time did the court consider or weigh the factor of plaintiff's counsel having received the right-to-sue letter on October 7 or 8, 1990. Indeed, this additional factor decidedly tips the balance against any equitable tolling.

On several occasions, the Tenth Circuit has used equitable tolling when the complainant was misled by what the EEOC did or did not represent. In *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 615–16 (10th Cir.1988), the court equitably tolled the 180–day limitations period [2] under the Age Discrimination in Employment Act (ADEA) as the EEOC had actively misled the employees by setting up a meeting to discuss the proposed discrimination charge after the 180–days expired. In reaching its decision, the court relied on Title VII cases on equitable tolling observing that both acts were remedial and typically involved dealing with claimants who lack legal training and guidance. 858 F.2d at 615.

In *Martinez v. Orr*, 738 F.2d 1107, 1110–1112 (10th Cir.1984), the court equitably tolled the 30–day limitation period of 42 U.S.C. § 2000e–16(c) because the notice of the right to sue sent to plaintiff actively misled him into believing that the EEOC's decision was not final as he could request a reopening and then file suit thereafter. The court reasoned:

The notice thus fails to make clear that the right to sue and the right to request reopening are distinct, independent rights, and that an election to pursue only the latter completely waives the former. To be sure, a trained lawyer or a

---

**2.** This governed the time between the alleged unlawful practice and the filing of a charge with the EEOC. 29 U.S.C. § 626(d).

particularly prudent and savvy layperson might recognize the inviolability of the thirty-day deadline and thus would be certain to preserve the right to sue by taking both actions simultaneously. However, the protections of Title VII were not intended only for the prudent, the savvy, or the legally trained. Absent an explicit indication that the right to sue permanently expires after thirty days notwithstanding the pendency of a reconsideration request, we do not think it unreasonable for a pro se recipient of the notice to request EEOC reconsideration on the assumption that if the request were denied, a new thirty-day period within which to file suit would arise thereafter.

738 F.2d at 1111.

In *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir.1976), *aff'd per curiam by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), the court equitably tolled the ADEA's 180–day period between the unlawful act and the serving of the administrative charge or notice. The complainant had consulted an attorney who told her that she did not need an attorney and that she should take her complaint to the Labor Department's local Wage and Hour Division office. 539 F.2d at 1261. Following those instructions, the complainant visited the office and was interviewed by the assistant area director who told her it might be a year before the investigation was completed. The complainant was told of her duty to file an administrative notice only after the 180–days had expired. *Id.* On learning this, plaintiff immediately retained another attorney who promptly filed the requisite notice. The court explained in a footnote the significance of the plaintiff having first consulted with an attorney:

Had Dartt's contact been more than a preliminary approach as to possible consultation, we might possibly be led to the conclusion reached in *Edwards, supra* [*v. Kaiser Aluminum & Chemical Sales,*

*Inc.,* 515 F.2d 1195 (5th Cir.1975) ], where the court noted that it would be:

[A] singularly inappropriate situation for such a remedy, in view of the fact that Edwards consulted an attorney long before the 180 day period ran. In such a circumstance, he had the "means of knowledge" of his ADEA rights, for the very purpose of consulting an attorney is to ascertain what legal redress arises out of a factual situation encompassing a supposed wrong. While it may be inequitable to allow an employer to benefit from his own wrong, it would be at least equally unfair to then hold that the employer is estopped from raising the 180 day bar where the injured employee consulted an attorney who either slept on his client's rights or did not believe he had any under the statute.

*Id.* at 1200 n. 8

539 F.2d at 1261 n. 4.

In none of the above three cases applying equitable tolling was the plaintiff actively represented and advised by an attorney concerning his or her rights and duties under the discrimination statutes during the relevant filing period. This is also true with respect to the case cited by plaintiff for support of equitable tolling when the EEOC has misled or lulled the complainant into inaction. *Page v. U.S. Industries, Inc.,* 556 F.2d 346, 351 (5th Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978).[3] Most importantly, the Tenth Circuit in each case remarked that the misled complainants were not trained in the law nor actively represented by an attorney. This plainly suggests the Tenth Circuit believes equitable tolling is apparently not available where the misguided complainant acts out of ignorance of the law, but the means of knowledge were there for him or her.

Where the complainant seeks equitable tolling on the allegation that the EEOC or

---

**3.** Plaintiff also cited the case of *Lynn v. Western Gillette, Inc.,* 564 F.2d 1282 (9th Cir.1977). Plaintiff Lynn did seek and obtain the advice of counsel before the filing period expired. The court, however, did not rely on equitable tolling principles in finding the plaintiff's suit was timely. Instead, the court construed the statute to require a certain notice, and found that plaintiff had filed such a notice within the limitations period.

other agency has misled him or her, it is critical to evaluate the complainant's independent knowledge of that matter in determining whether reliance on that advice was justified. See *Jarrell v. United States Postal Service*, 753 F.2d 1088, 1091–92 (D.C.Cir.1985) ("justifiable reliance on advice"). In another case, this court has addressed whether the plaintiff, who was represented by an attorney, could justifiably rely on an agency's advice on procedural requirements:

> Courts have charged complainants with constructive notice of the relevant Title VII procedural requirements for filing an EEOC complaint when he or she has consulted with an attorney about the employment problems before and during the running of the limitations period. *Cano v. United States Postal Service*, 755 F.2d 221, 222 (1st Cir.1985) (and cases cited therein); *Bronze Shields, Inc. v. N.J. Dept. of Serv.*, 667 F.2d 1074, 1085 (3rd Cir.1981), *cert. denied*, 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982). When a complainant has received legal advice, the courts have been disinclined to apply equitable tolling based upon the complainant's alleged ignorance of the law. *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 306–07 (3rd Cir. 1983), *cert. dismissed*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). The fact of legal counsel has no bearing when the complainant seeks equitable tolling because of employer's deception or distortion of factual matters. *Id.* In the present case, plaintiff's argument for equitable tolling depends upon his ignorance of the law, particularly the procedural requirements of Title VII. Because plaintiff was represented by an attorney through all or most of those proceedings, the court sees no basis of [for] equitable tolling. . . .

*Peterson v. City of Wichita, Kan.*, 706 F.Supp. 766, 773 (D.Kan.1989), *rev'd on other grounds*, 888 F.2d 1307 (10th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1990).

By virtue of her legal representation throughout the administrative proceedings, this court believes it has no choice but to find that plaintiff could not justifiably rely on the EEOC's representations regarding the law. An attorney is presumed to have a working knowledge of Title VII's filing requirements. Neither the client nor the attorney can justifiably rely on any representation of the EEOC which contradicts or is inconsistent with that knowledge. The concept of notice to an attorney constituting notice to the client is so firmly rooted in our judicial system that plaintiff's failure to act upon the notice to her attorney bars any equitable relief. While the rules concerning constructive notice at the plaintiff's former address when the EEOC is told to send notice to plaintiff's counsel may not be well settled in this court's judgment, the rule of constructive notice when something is received by the Title VII complainant's attorney is "well established" in this circuit, *Noe v. Ward*, 754 F.2d at 892, as well as being a fundamental principle of "our system of representative litigation," *Irwin*, 111 S.Ct. at 456. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Home v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam). See *Lavery v. Marsh*, 918 F.2d 1022, 1028 (1st Cir.1990).

The court earlier was willing to overlook plaintiff's failure to notify the EEOC of her address change because she had taken the precautionary step of advising the EEOC to send the notice to her attorney. Consequently, it would be inequitable to allow the plaintiff any additional tolling beyond the time when her attorney received the right-to-sue letter. Equally important is the fact that the plaintiff never directly asked the EEOC nor was advised by it what effect service on her attorney would have in starting the limitations period. Having slept on her rights, the plaintiff's request for equitable tolling is denied, and the defendant's motion for summary judgment on the plaintiff's Title VII claim is granted.

■ Pendent jurisdiction over state claims is one of discretion. *United Mine Workers of America v. Gibbs*, 383 U.S.

715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Pendent jurisdiction is not to be exercised when the federal law claim is insubstantial. *Carey v. Continental Airlines, Inc.,* 823 F.2d 1402, 1404 (10th Cir. 1987). Judge Theis writing for the Tenth Circuit recently had this to say about exercising pendent jurisdiction after the dismissal of federal law claims:

> If the federal claim is dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well. Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary. The district court has discretion to try state claims in the absence of any triable federal claims; however, that discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction.

*Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472, 1478 (10th Cir.1990). Since the dismissal is occurring before the case has been tried, before defendant has filed an answer, and before much, if any, discovery has been completed, it is appropriate to dismiss the plaintiff's state law claims without prejudice.

IT IS THEREFORE ORDERED that, in light of the additional evidence submitted by the defendant, the defendant's motion to dismiss (Dk. 9), as converted by the court into a motion for summary judgment, is granted;

IT IS FURTHER ORDERED that the plaintiff's state law claims are dismissed without prejudice for lack of pendent jurisdiction.