**David L. DEFREES, Plaintiff,**

v.

**Togo D. WEST, Jr., Secretary of the Army, Defendant.**

**Civil Action No. 97–2154–EEO.**

United States District Court, D. Kansas.

Dec. 5, 1997.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, for David L De-Frees.

Robert A. Olsen, Office of U.S. Attorney, Kansas City, KS, for Togo D. West, Jr., Secretary of Army.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. # 4). For the reasons set forth below, defendant's motion is granted.

### Factual Background

The following facts are admitted or deemed admitted pursuant to District of Kansas Rule 56.1. Plaintiff David L. De-Frees was a civil service employee of the United States Army at Fort Leavenworth, Kansas, until his disability retirement as of August 2, 1996. Plaintiff maintains that the failure of Fort Leavenworth to make Building 52, his place of employment, handicapped accessible constitutes an act of disability discrimination against him.

Mr. DeFrees first contacted the Equal Employment Opportunity (EEO) Office at Fort Leavenworth regarding his allegations of discrimination on December 16, 1993. He filed a formal complaint consisting of seven charges with the EEO Office on April 11, 1994. On May 13, 1994, three of the seven charges were accepted and the remaining four charges were dismissed. Plaintiff filed suit on the three accepted charges on April 10, 1995. The EEO Office subsequently ceased processing of the charges pursuant to 29 C.F.R. § 1614.107(c).[1] On August 16,

---

1. 29 C.F.R. § 1614.107(c) provides that "[t]he agency shall dismiss a complaint ... [t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint."

1995, the court dismissed the suit without prejudice for failure to perfect service of process. Mr. DeFrees filed the instant action on March 19, 1997.

### Standards for a Motion to Dismiss

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). A court judges the sufficiency of the complaint by accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). The issue in resolving a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 102–03. If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993).

A plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish his right to judgment. *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990). Rule 8(a), however, still requires minimal factual allegations on those material elements that must be proved to recover on each claim. *See Hall v. Bellmon,* 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

### Analysis

Plaintiff seeks to bring his action under the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 *et seq.,* the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, 28 C.F.R. §§ 36.501 *et seq.,* the Americans with Disabilities Act Accessibility Guidelines (ADAAG), 28 C.F.R. pt. 36 app. A (1996), and the Uniform Federal Accessibility Standards (UFAS), 41 C.F.R. pt. 101–19.6 app. A (1996). Defendant asks the court to dismiss plaintiff's complaint, arguing that the Rehabilitation Act provides the exclusive remedy for a federal employee's claim of disability discrimination. Defendant further contends that plaintiff's suit under the Rehabilitation Act is untimely and must be dismissed.

■ The ADA prohibits employers from discriminating in employment on the basis of a disability. 42 U.S.C. §§ 12111, 12112. However, the United States is specifically excluded from the statutory definition of "employer" within the ADA. 42 U.S.C. § 12111(5)(B)(i). "The Department of the Army is a part of the executive branch of the United States Government." *Gnotta v. United States,* 415 F.2d 1271, 1277 (8th Cir.1969) (citing 10 U.S.C. §§ 131, 133(a), 3010). Therefore, plaintiff cannot maintain a claim against defendant under the ADA.

■ 28 C.F.R. § 36.501 authorizes a private cause of action to seek injunctive relief for violations of the ADA or 28 C.F.R. part 36. Part 36 "applies to any (1) public accommodation; (2) commercial facility; or (3) private entity that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or

trade purposes." 28 C.F.R. § 36.102(a). There is no indication that plaintiff's former place of employment falls within any of these categories. Because neither the ADA nor 28 C.F.R. part 36 have been violated in plaintiff's situation, Mr. DeFrees cannot maintain a cause of action under 28 C.F.R. §§ 36.501 *et seq.*

The ADAAG and the UFAS serve as standards by which to measure compliance with the requirements of the ADA, the Rehabilitation Act, and the Architectural Barriers Act of 1968 (ABA), 42 U.S.C. §§ 4151 *et seq. See Kinney v. Yerusalim,* 812 F.Supp. 547, 550 (E.D.Pa.1993); Ira P. Robbins, *George Bush's America Meets Dante's Inferno: The Americans With Disabilities Act in Prison,* 15 Yale L. & Pol'y Rev. 49, 112 n. 168 (1996). As such, they do not appear to provide for separate and distinct causes of action apart from the relevant act. If either the ADAAG or the UFAS does grant a cause of action additional to those under the ADA, the Rehabilitation Act, and the ABA, it does so without waiving the sovereign immunity of the United States. "[T]he United States cannot be sued at all without the consent of Congress." *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983). Plaintiff, therefore, cannot maintain a claim under either the ADAAG or the UFAS.

The Rehabilitation Act provides the only basis for plaintiff's action. In the Tenth Circuit, section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides a federal employee's exclusive remedy for disability discrimination. *See Johnson v. United States Postal Serv.,* 861 F.2d 1475, 1477 (10th Cir.1988); *Coleman v. Darden,* 595 F.2d 533, 538 (10th Cir.1979). The Rehabilitation Act extends the "remedies, procedures and rights" available under Title VII, 42 U.S.C. § 2000e–16, to federal employees with disability discrimination claims. 29 U.S.C. § 794a(a)(1). Under section 2000e–16, exhaustion of administrative remedies is required before a complainant may file in federal court. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 828–831, 96 S.Ct. 1961, 1965–67, 48 L.Ed.2d 402 (1976); *Sampson v. Civiletti,* 632 F.2d 860, 862 (1980). The requirement of exhaustion of administrative remedies applies to suits under the Rehabilitation Act as well. *See Johnson v. Orr,* 747 F.2d 1352, 1357 (1984).

Section 2000e–16(c) and its companion regulations at 29 C.F.R. § 1614 set out a time frame within which a complainant may file an employment discrimination suit in federal court. Under section 2000e–16(c), a civil action may be filed "[w]ithin 90 days of receipt of notice of final action taken by a department, ... or after one hundred and eighty days from the filing of the initial charge with the department,...."

The regulations also authorize a complainant to file a civil action 180 days after the filing of the complaint with the EEO Office if a final decision has not yet been issued. 29 C.F.R. § 1614.408(b). If the complainant files after the 180–day time period, the EEO Office must dismiss any part of the complaint that is the subject of the civil suit. 29 C.F.R. § 1614.107. Additionally, a complainant must file suit "within 90 days of receipt of the final decision" on the complaint. 29 C.F.R. § 1614.408(a). A "final decision shall consist of findings by the agency on the merits of each issue in the complaint...." 29 C.F.R. § 1614.110.

The Seventh Circuit addressed any discrepancy between the "final action" of the statute and the "final decision" of the regulations in *Robbins v. Bentsen,* 41 F.3d 1195 (7th Cir.1994), a case strikingly similar to the instant one. In *Robbins,* the plaintiff had filed a federal employment discrimination suit when she failed to receive a decision on her administrative complaint within 180 days. *Id.* at 1196. The suit was dismissed when the plaintiff failed to serve the United States within 120 days; she subsequently filed a second employment discrimination suit, which the government moved to dismiss as untimely. *Id.* at 1197. The court stated:

The statute requires filing a civil suit within 90 days of a final agency action. The fact that the regulations require a civil suit to be filed within 90 days of a final decision on the merits does not compel the conclusion that only final decisions trigger the statutory limitation. Regulations cannot trump the plain language of statutes, and we will not read the two to conflict where such a reading is unnecessary.

Rather than interpret the regulations as excluding agency dismissals from the class of agency actions that trigger the ninety-day limitations period, we think the regulations do not explicitly authorize the filing of a civil suit based on a § 1614.107(c) dismissal merely because such a suit is already pending and any authorization would be redundant.

*Id.* at 1198–1199. We find the court's rationale persuasive.

The 90–day filing requirement is similar to a statute of limitations and is thus subject to equitable tolling in appropriate circumstances. *See Noe v. Ward,* 754 F.2d 890, 892 (10th Cir.1985). The plaintiff bears the burden of establishing grounds for equitable tolling. *See Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1269 (10th Cir.1996); *Callan v. Pepsi–Cola Bottling Co.,* 823 F.Supp. 879, 883 (D.Kan.1992). Dismissal of a case without prejudice does not serve to toll the 90–day filing requirement. *See Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27–28 (6th Cir.1987).

Under 29 C.F.R. § 1614.408, Mr. DeFrees was entitled to file his first civil action, as 180 days had passed since the filing of his complaint with the EEO Office. At that time, the EEO Office appropriately dismissed his complaint. This dismissal triggered the 90–day filing requirement. The instant action, filed more than 18 months after the sequence of events surrounding the first suit, is clearly untimely. Plaintiff has not requested equitable tolling of the 90–day filing requirement, nor has he asserted any facts that would excuse his failure to timely file suit. Thus, plaintiff's cause of action under the Rehabilitation Act must be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. # 4) is granted.