**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

KEVIN W. ROSS,

     Plaintiff - Appellant,

v.

STAFFMARK GROUP; THE COLEMAN
COMPANY,

     Defendants - Appellees.

No. 20-3210
(D.C. No. 5:19-CV-04115-DDC-GEB)
(D. Kan.)

———————————————————

**ORDER AND JUDGMENT***
———————————————————

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
———————————————————

The district court dismissed as untimely Kevin W. Ross's pro se Title VII

action against The Coleman Company (Coleman). It also denied his motions to

equitably toll the 90-day period for filing his action, for leave to amend, and for the

appointment of counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Ross worked for Coleman from September 24 to December 3, 2018. He filed a charge against Coleman with the Equal Employment Opportunity Commission (EEOC) on August 9, 2019, alleging discrimination based upon his race, color, and national origin. The EEOC issued a right-to-sue letter on August 19, 2019. Ross filed this pro se Title VII action against Coleman on December 2, 2019.[1]

Coleman moved to dismiss Ross's action under Federal Rule of Civil Procedure 12(b)(6), arguing it was untimely because Ross did not file suit within 90 days of his receipt of the EEOC's right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). In addition to responding to Coleman's motion, Ross moved to equitably toll the 90-day filing period, for leave to amend his complaint, and for the appointment of counsel. The district court presumed that Ross had received the right-to-sue letter no later than August 24, 2019, five days after it was mailed on August 19. It therefore held that his window to file suit expired on November 22, 2019, and his Title VII action, filed on December 2, 2019, was untimely.

Ross did not dispute that his action was untimely. He instead presented the district court with two different theories why the 90-day period for filing his action should be equitably tolled. First, in response to Coleman's motion to dismiss he argued that the EEOC had incorrectly advised him in December 2018 that "he had

---

[1] Ross also sued Staffmark Group, the agency through which he obtained employment with Coleman. The district court dismissed without prejudice all claims against Staffmark Group when Ross failed to serve that entity with the complaint.

one year from the date of the incident to file a lawsuit in Federal Court." R. at 55. Then, in a separate motion asking the district court to equitably toll the statute of limitations, he changed tack and asserted that he failed to file a timely action because his financial burdens caused him mental distress and exacerbated his mental disability.

The district court declined to equitably extend the deadline to file Ross's action. It held that the EEOC's incorrect advice did not justify tolling because he had not been intentionally and actively misled and his reliance on that advice was not reasonable in light of the clear guidance regarding the filing deadline in the right-to-sue letter. And in ruling on Ross's motion to toll, the court accepted his "description of his personal difficulties," R. at 107, but held that his financial and mental-health challenges also did not call for equitable tolling because: (1) his assertions about his mental health were conclusory; (2) he did not allege that he had been adjudged mentally incompetent or institutionalized; and (3) he did not show that his mental impairment actually caused the late filing of his Title VII action. Regarding causation, the court noted that he managed to file his complaint by "the deadline as he understood it" based upon the EEOC's alleged incorrect advice. *Id*. at 109. It held that Ross failed to allege the exceptional circumstances necessary for equitable tolling.

The district court also denied Ross's motion to amend his complaint, holding amendment would be futile because he did not allege any new facts that would

plausibly render his claims timely. Finally, the court denied his motion to appoint counsel, holding that his time-barred claims were not sufficiently meritorious.

## II

We review the district court's dismissal order de novo. *See Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012) ("We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." (internal quotation marks omitted)). "Although timeliness is an affirmative defense, if the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (citation, brackets, ellipsis, and internal quotation marks omitted). "[W]hether to grant equitable tolling is a discretionary matter for the district court." *Id.* Consequently, we will not disturb the district court's decision unless we have "a definite and firm conviction that [it] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Weidner*, 437 F.3d 1023, 1042 (10th Cir. 2006) (internal quotation marks omitted); *see also id.* ("An abuse of discretion occurs when the district court's decision is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment." (internal quotation marks omitted)).

We likewise review for an abuse of discretion the district court's denial of Ross's motion for leave to amend his complaint. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). When, as here, the district court denies leave to amend based on futility, "our review for abuse of discretion includes de novo review of the

4

legal basis for the finding of futility." *Id*. (internal quotation marks omitted). "We thus consider de novo whether it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id.* at 1314-15 (internal quotation marks omitted).

Finally, we review the district court's denial of Ross's motion to appoint counsel for an abuse of discretion. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (internal quotation marks omitted).

Because Ross is proceeding pro se, we liberally construe his complaint and appeal brief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (complaint); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998) (brief). But we do not act as his advocate. *See Hall*, 935 F.2d at 1110.

Ross has forfeited appellate review by failing to develop any argument in his appeal brief challenging the district court's reasoning in (1) declining to apply equitable tolling and dismissing his complaint as untimely, (2) denying leave to amend, and (3) denying his motion to appoint counsel. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). We will nonetheless explain why affirmance is required.

5

## A.

Section 2000e-5(f)(1) "is clear. The party aggrieved may bring suit within ninety days after the giving of notice by the EEOC." *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985). The 90-day period is triggered by the plaintiff's receipt of the right-to-sue letter. *See id.* In ruling on Coleman's motion to dismiss under Rule 12(b)(6), the district court appropriately considered the right-to-sue letter that Coleman attached as an exhibit to its motion because Ross referenced it in his complaint, the parties did not dispute its authenticity, and it was central to Ross's claim. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Nor did the court err in presuming that Ross received the right-to-sue letter no later than five days after it was mailed. *See Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001) (approving a presumption of receipt either three or five days after mailing "whenever the actual receipt date is unknown or disputed," *id.* at 1165). Thus, Ross's action filed more than 90 days after he received the right-to-sue letter was clearly untimely.

Ross is correct that the 90-day period for filing a Title VII action is subject to equitable tolling. *See Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996). But we narrowly construe that exception. *See id.* And the district court did not abuse its discretion in holding that Ross failed to allege exceptional circumstances that would justify tolling. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) ("[I]f a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the

limitations period." (internal quotation marks omitted)); *Biester*, 77 F.3d at 1268 (holding plaintiff's claimed mental incapacity did not amount to exceptional circumstances justifying equitable tolling because he had not been adjudged incompetent or institutionalized and he was capable of pursuing his claim despite his mental condition).

Thus, the district court did not err in granting Coleman's motion to dismiss and denying Ross's motion to toll. And because Ross failed to allege any fact that would make his complaint timely, the district court did not err in denying his motion to amend. *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ."). Nor did it err in denying Ross's motion to appoint counsel because his time-barred claims were not sufficiently meritorious. *See Hill*, 393 F.3d at 1115 ("The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." (internal quotation marks omitted)).

**B.**

For the first time on appeal, Ross contends that equitable tolling was justified by his arrest on November 19, 2019, and his incarceration until November 23, which he says prevented him from filing an action within the 90-day filing period that ended on November 22. He argues the district court failed to consider this "most crucial factor." Aplt. Br. at 2. But he never raised this issue in the district court, and he does not argue plain error on appeal. We therefore treat his new argument as

7

effectively waived.  *See Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1259-61 (10th Cir. 2018).[2]

### III

The district court's judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[2] In any event, Ross likely could not demonstrate plain error.  The equitable-tolling determination was ultimately reserved to the district court's discretion.  And as noted by Coleman, Ross's four-day incarceration did not prevent him from filing his Title VII action at some other point during the 90-day window for doing so.