Providencia **BALL,** Plaintiff–Appellant,

v.

**ABBOTT ADVERTISING, INC.,**
Defendant–Appellee.

No. 87–5353.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 8, 1988.
Decided Dec. 27, 1988.

**420**

Paul Soreff (argued), Allison, Soreff & Garber, Louisville, Ky., for plaintiff-appellant.

Paula Shives, Anne Adams Chesnut (argued), Vinmont & Wills, Lexington, Ky., for defendant-appellee.

William L. Robinson, Richard T. Seymour, John P. Relman (argued), Washington, D.C., for amicus, Lawyers' Committee for Civil Rights.

Before KEITH, WELLFORD and NELSON, Circuit Judges.

PER CURIAM.

We are invited here to decide whether, in light of *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), and *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), a plaintiff in a federal action brought under Title VII of the Civil Rights Act of 1964 may recover attorney fees incurred in the successful prosecution of a sex discrimination claim before a state agency. We must decline the invitation to decide that question, having concluded that the plaintiff's federal action is barred by the statute of limitations.

In 1981 plaintiff Providencia Ball litigated a sex discrimination claim against defendant Abbott Advertising before the Lexington–Fayette Urban County Human Rights Commission, a Kentucky state agency. The commission ultimately issued an order, dated October 25, 1983, finding Abbott guilty of illegal discrimination. The order granted injunctive relief and awarded Ms. Ball back pay.

Ms. Ball had also filed a sex discrimination charge with the United States Equal Employment Opportunity Commission. In a letter dated December 20, 1983, counsel for Ms. Ball requested that the EEOC issue a "right-to-sue" letter.

The EEOC mailed the requested right-to-sue letter on February 23, 1984. By that time, however, Ms. Ball had moved to Virginia. Because she had not notified the EEOC of her move, the notice was sent to Ms. Ball's old address. It never reached her.

In March of 1984 Ms. Ball's lawyer telephoned the EEOC to inquire about the right-to-sue letter. He learned that it had been issued but had been returned as undeliverable. The lawyer gave the EEOC Ms. Ball's new address and requested another copy of the letter.

On August 21, 1984, Ms. Ball's lawyer wrote the EEOC again requesting a right to sue letter. The EEOC sent such a letter on August 24, 1984, and on November 26, 1984, Ms. Ball filed a federal court complaint seeking attorney fees pursuant to Title VII.

Abbott moved to dismiss on statute of limitations grounds and for summary judgment. The district court eventually granted summary judgment for Abbott, concluding that Abbott was entitled to prevail on the merits under *Crest Street Community Council, supra,* 479 U.S. 6, 107 S.Ct. 336.

We find it unnecessary to reach the question decided by the district court; whether Ms. Ball's attorney fee action was meritorious or not, we think it was barred by the statute of limitations. Under 42 U.S.C. § 2000e–5(f)(2), a Title VII com-

plaint must be filed within 90 days of the EEOC's issuance of notice of right to sue. There is no question that in March of 1984 Ms. Ball received actual notice, through counsel, that the EEOC had issued the right-to-sue letter requested three months earlier. The courts are not required to proceed as if no such notice had been given, Ms. Ball's lawyer having sworn in an affidavit that he knew it had been. The lawyer's actual knowledge destroys any possible basis for applying the "equitable tolling" doctrine here.

It is clear, moreover, that the EEOC bore no responsibility for interrogating the state agency about any possible change in the complainant's address. If Ms. Ball told the state agency of her move, that did not constitute notice of the EEOC; she ought to have given her new address to the latter agency as well. As the Court of Appeals for the Seventh Circuit said in *St. Louis v. Alverno College,* 744 F.2d 1314, 1316–17 (7th Cir.1984),

> "The burden of providing the EEOC with changes of address is minimal. It is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct."

See also *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 474 (6th Cir.1986); *Banks v. Rockwell International North American Aircraft Operations,* 855 F.2d 324 (6th Cir.1988).

Ms. Ball argues that because her lawyer's letter of December 20 could be read as requesting that a right to sue notice be sent to his office, no change of address notice was necessary. This circuit, however, has flatly rejected the argument that a failure by the EEOC to copy counsel on a right-to-sue letter prevents the ninety-day period from running. *Banks,* 855 F.2d at 326.

Ms. Ball also argues that because the district court denied a motion by Abbott to dismiss on timeliness grounds, the timeliness issue is not before us in the absence of a cross-appeal. This argument is likewise unavailing; as we wrote in

*Herm v. Stafford,* 663 F.2d 669, 684 (6th Cir.1981), "[a] defendant may raise an alternative theory without cross-appealing." *Alaska Industrial Board v. Chugach Electric Association,* 356 U.S. 320, 78 S.Ct. 735, 2 L.Ed.2d 795 (1958), cited by the plaintiff, is not to the contrary, because that case dealt with the manner in which the Supreme Court exercises its discretionary jurisdiction to decide issues brought before it by *certiorari.* We have no comparable jurisdiction.

The judgment in favor of defendant Abbott is AFFIRMED.