983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CITY OF MIDDLETOWN et. al., Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORP., Defendant-Appellee.
 No. 92-3076.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1993.
 
 Before RALPH B. GUY, JR. and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, the City of Middletown and several citizens of the City, filed suit in state court seeking injunctive relief to prevent Consolidated Rail Corp. (Conrail) from violating a city ordinance that prohibits trains from blowing their whistles inside the city limits at night, except in emergency situations. Conrail removed the case to federal court. The district court denied the plaintiffs' motion for preliminary and permanent injunction. It found that the local ordinance was not preempted by federal law; that the issue was not res judicata; and that it did not need to address whether the ordinance unduly burdened interstate commerce. It then concluded that the public interest in preventing death and injury outweighed the need for enforcement of the ban so that plaintiffs could receive undisturbed sleep. It based this conclusion on several factors: that the Federal Railway Administration (FRA) has recognized that an audible train warning can minimize train hazards; that the FRA's study of nighttime railroad accidents in Florida revealed a 195 percent increase in accidents during a Florida whistle ban; that 41.2 percent of the accidents in Middletown occurred when motorists drove around or through a crossing gate and that these accidents might have been prevented if the train had blown its whistle; and that the ordinance's emergency provision is not effective because it permits the whistle to be sounded at the point when it too late to prevent the accident.
 
 
 2
 We affirm the district court's denial of the motion for preliminary and permanent injunctive relief. We first note that in its brief to this Court, Conrail asks us to overturn the district court's finding that the local ordinance is not preempted by federal law. It is true that a party " 'may raise an alternative theory without cross appealing.' " Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir.1988) (quoting Alaska Indus. Bd. v. Chugach Elec. Ass'n, 356 U.S. 320, 78 S.Ct. 735 (1958)); Jasany v. United States Postal Serv., 755 F.2d 1244, 1248 (6th Cir.1985). However, a notice of appeal must be filed by the appellee if he wishes to "attack part of a final judgment in order to enlarge his rights or reduce those of his adversary." Akron Center for Reproductive Health v. Slaby, 854 F.2d 852, 869 (6th Cir.1988), rev'd on other gds., 497 U.S. 502, 110 S.Ct. 2972 (1990). In this case, a finding that the ordinance is preempted by federal law would enlarge the rights of Conrail because, although it would not change the result in this case, the ordinance would be void and could not be enforced by injunction or any other means, and Conrail could use this finding in subsequent cases involving whistle bans. Therefore, because Conrail did not file a notice of appeal as to the preemption issue, this issue is not before us and we do not have jurisdiction to review it.
 
 
 3
 Having concluded that we cannot address the preemption issue, we affirm the district court's denial of the motion for injunctive relief for the reasons set out in the district court's opinion. We note that, contrary to the view of plaintiffs-appellants, the district court did not err in considering and relying upon the FRA study of the Florida railroad whistle ban. Although these statistics applied only to Florida's railways, the study provided an indication of the harm that could result from a nighttime whistle ban. This is particularly true because the Florida study was more reliable than Middletown's statistics in that it factored out other potential causes of the accidents. The FRA believed that the study was a reliable enough indicator of the harm posed by whistle bans that it ordered a prohibition on whistle bans for Florida's railways.
 
 
 4
 Accordingly, we find that the district court did not err in denying plaintiffs injunctive relief, and therefore its decision must be AFFIRMED for the reasons set out in its order.