33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pattie BASNETT-PINKERTON, Plaintiff-Appellant,
v.
SKY CHEFS, INC., Defendant-Appellee.
Theodore A. THELANDER, Plaintiff-Appellant,
v.
SKY CHEFS, INC., Defendant-Appellee.
 Nos. 93-3725, 93-3789.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 Before: MARTIN, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have consolidated these two cases because they present identical issues on appeal. In each, the plaintiff-appellant contends that the district court erred in dismissing a Title VII claim on the ground that the lawsuit was filed more than 90 days after the EEOC mailed the Notice of Right to Sue. In support of this contention, both argue that actual receipt of the notice is required to start the 90-day period in which a plaintiff must file a lawsuit alleging discriminatory employment practices and insist that their individual complaints were timely filed. We conclude to the contrary and affirm the judgments in both cases.
 
 
 2
 The material facts are not in dispute. After termination of their employment with the defendant, Sky Chefs, Inc., the plaintiffs, Pattie Basnett-Pinkerton and Theodore Thelander, filed claims with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. In each instance, the EEOC determined that it would not pursue the claims made by the plaintiffs and, on April 12, 1991, mailed them each of them a right-to-sue letter by certified mail. Both notices were later returned, marked "unclaimed", to the EEOC.
 
 
 3
 On May 15, 1992, some 13 months after the EEOC mailed the notices, the attorney who represented both Basnett-Pinkerton and Thelander telephoned the EEOC to check on the status of the complaints filed with the agency. The attorney was informed that both complainants' charges had been dismissed and that the notices had been mailed in April 1991 advising them of their right to seek relief through the judicial system. The lawyer asked officials to reissue the right-to-sue notices, and they agreed to do so. That same day, the attorney wrote to Basnett-Pinkerton and Thelander and informed his clients that the EEOC would be mailing them another notice and that they should pursue any desired legal action within 90 days of receipt of the letter from the commission.
 
 
 4
 Basnett-Pinkerton claimed to have received the second Notice of Right to Sue on May 26, 1992. She then filed suit in the state court on August 19, 1992, which was 85 days after she received that notice. Likewise, Thelander received his second notice from the EEOC on May 22, 1992. He, too, filed suit against Sky Chefs in state court on August 19, 1992, which was 89 days after he received the May notice.
 
 
 5
 Both cases were removed to federal district court. On May 28, 1993, District Judge Matia issued a memorandum opinion and an order granting summary judgment to the defendant on Basnett-Pinkerton's Title VII claim. Citing Hunter v. Stephenson Roofing Co., 790 F.2d 472 (6th Cir.1986), Judge Matia ruled that "the law in this Circuit clearly mandates that the [90-day] period [for filing suit in a Title VII claim] begins to run five days after the EEOC sends the Notice of Right to Sue via certified mail." Because Basnett-Pinkerton did not file her court action until more than one year after that applicable time period, and because "plaintiff has presented no grounds for application of equitable tolling in this matter," the district court agreed with the defendant that the plaintiff's Title VII claim should be dismissed as untimely.
 
 
 6
 On June 21, 1993, District Judge Manos similarly granted Sky Chefs, Inc.'s motion for summary judgment on Thelander's Title VII claim. Like Judge Matia, Judge Manos ruled that "[t]he ninety day period [for commencing legal action on a Title VII claim] begins to run five days after the EEOC sends the Notice [of Right to Sue] via certified mail." Because Thelander waited more than one year after transmission of the notice, and because equitable tolling principles were found to be inapplicable where "a plaintiff refuses to claim certified mail or changes his or her address," the district court determined that Thelander's lawsuit was untimely filed.
 
 
 7
 The record reflects that both plaintiffs signed an agreement with the EEOC as follows:
 
 
 8
 I understand that should a charge be filed, EEOC at times will correspond with me using Certified Mail. I agree to pick up certified mail addressed to me and I agree to notify the EEOC if I move or change my mailing address.
 
 
 9
 We conclude that the action of the district court judges in dismissing these two complaints was legally correct. The plaintiffs argue that the principles of equitable tolling should be applied here, and that we should hold that the statutory 90-day period did not begin to run until they received the second notice sent by the EEOC. In our judgment, this argument simply cannot be sustained, given the undisputed facts in this record. In the first place, the plaintiffs defaulted in their agreement with the EEOC regarding their affirmative obligation to "pick up certified mail," there being no evidence that either of the original notices was sent to the wrong address. Secondly, the plaintiffs had actual notice of the EEOC's action on May 15, 1992 (the date their attorney was told by EEOC officials that notices had been sent 13 months earlier), more than 90 days prior to the filing of their complaints on August 19, 1992. Under similar circumstances, we have previously held:
 
 
 10
 There is no question that in March of 1984 Ms. Ball received actual notice, through counsel, that the EEOC had issued the right-to-sue letter requested three months earlier. The courts are not required to proceed as if no such notice had been given, Ms. Ball's lawyer having sworn in an affidavit that he knew it had been. The lawyer's actual knowledge destroys any possible basis for applying the "equitable tolling" doctrine here.
 
 
 11
 Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir.1988).
 
 
 12
 For the foregoing reasons, we AFFIRM the judgment of the district court in each of these cases.