Norman **CHOATE,** Plaintiff,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), a corporation,** Defendant.

No. CIV. 99–40482.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 26, 2001.

Jeffrey D. Maynard, Royal Oak, MI, for plaintiff.

Terrence J. Miglio, Keller, Thoma, Detroit, MI, Jennifer A. Naber, Laner, Muchin, Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

Before the Court is a Motion for Summary Judgment filed by Defendant National Railroad Passenger Corporation ("Amtrak"). For reasons stated below, this Court will grant Defendant's motion.

**Factual and Procedural Background**

Since 1992, Plaintiff Norman Choate has worked for Defendant as an Assistant Conductor. On or about January 27, 1998, Plaintiff applied for a position as a locomotive engineer. On or about January 28, 1998, Plaintiff's application was denied. Plaintiff alleges that Defendant had a policy of denying promotions to anyone over 50 years of age. (Plaintiff was born on December 29, 1936 and currently is 64 years old.) Defendant alleges that Plaintiff was not promoted because he had too many unexcused absences.

On or about May 14, 1998, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that he had been discriminated against based on age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*

On November 13, 1998, the EEOC concluded in a Dismissal and Notice of Rights that, "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." The Dismissal and Notice of Rights further explains that as to any claim under the ADEA, "[y]ou may file a lawsuit against the respondent(s) under federal law based on this charge in federal

or state court. Your lawsuit **must be filed *WITHIN 90 DAYS* from your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost." (Emphasis in original.)

On March 25, 1999, Plaintiff filed his Complaint with the United States District Court for the Northern District of Illinois asserting that "Amtrak's refusal to promote Mr. Choate to a position for which he was and is qualified, because of his age, constituted unlawful discrimination against Mr. Choate in violation of the Age Discrimination in Employment Act 29 U.S.C. Sec. 621 et seq." (Compl.¶ 12.)

On December 16, 1999, the United States District Court for the Northern District of Illinois transferred this civil action to this Court.

Discovery closed on October 18, 2000. On November 6, 2000, Defendant filed a Motion to Extend Time to File Summary Judgment Motion requesting until November 28, 2000 to file a dispositive motion. On November 21, 2000, this Court denied that motion because this Court's July 28, 2000 scheduling order stated that "[d]ispositive motions shall be filed by November 8, 2000," and advised counsel that "any further requests for an extension of any of the dates [set forth in the Order] will not be considered by this court."

On November 28, 2000, Defendant filed a Motion for Reconsideration of this Court's November 21, 2000 Order Denying Defendant's Motion to Extend Time to File Summary Judgment Motion. This Court found that Defendant failed to demonstrate a palpable defect by which either the Court or the parties have been misled and had not shown that correcting some defect would result in a different disposition of the case. *See* E.D. Mich. LR 7.1(g)(3) ("The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."). Accordingly, this Court denied

Defendant's Motion for Reconsideration. Nevertheless, the Court recognized that the issues raised in Defendant's motion for summary judgment would have to be resolved prior to trial and by not considering Defendant's motion for summary judgment, the Court merely would be postponing the inevitable and increasing the difficulty of preparing for trial. Therefore, the Court vacated its November 21, 2000 Order Denying Defendant's Motion to Extend Time to File Summary Judgment Motion and permitted Defendant to file its Motion for Summary Judgment.

**Discussion**

**1. Standard for summary judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d

701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

#### 2. Analysis

Defendant asserts two separate bases for summary judgment: (1) the applicable statute of limitations bars Plaintiff's claims for relief; (2) Plaintiff cannot show that Defendant's reason for not promoting him was a pretext for age discrimination. The Court will discuss each under separate headings below.

#### a. Whether the applicable statute of limitations bars Plaintiff's claims for relief

■ Defendant argues that Plaintiff failed to file this civil action within 90 days of receiving the Dismissal and Notice of Rights. "A potential plaintiff filing a complaint under ... the ADEA ... has ninety days to file the complaint in federal district court after receipt of the EEOC's right to sue letter." *Jenkins v. Widnall,* No. 99–3918, 2000 WL 553957 (6th Cir. Apr.28, 2000); *see* 29 U.S.C. § 626(e); *Parrish v. HBO & Co.,* 85 F.Supp.2d 792, 795 (S.D.Ohio 1999). When a plaintiff has changed addresses and does not notify the EEOC of the address change, however, the 90–day period beings to run five days after the date that the EEOC mails the notice to the plaintiff's address of record, even if the plaintiff never receives the notice. *See Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir.1986); *see also Ball v. Abbott Advertising,* 864 F.2d 419 (6th Cir.1988).

■ Plaintiff responds that, although the Notice of Rights is dated November 13, 1998, there is no dispute that Plaintiff did not receive the Notice of Rights until December 30, 1998, based on Plaintiff's deposition testimony. The only evidence of a mailing date is a postmarked envelope. (*See* Pl.Ex. E.) This Court examined the postmark under a magnifying glass, and there is no doubt that the first digit of the two-digit date on which the envelope was mailed is a "2" and the second digit could be a "0," "3," "6," "8," or "9." In other words, the envelope was mailed on the 20th, 23rd, 26th, 28th, or 29th of December, 1998. Defendant asserts that the date was somehow altered, but there is no evidence of any alteration. Whether the clock starts running on the earliest such date, December 20, 1998 (a Sunday, no less), plus the five days, *see Hunter,* 790 F.2d at 475, or on the date Plaintiff received the notice, December 30, 1998, without the five days, then Plaintiff's Complaint, filed on March 25, 1999, is within the 90–day limit. Therefore, this Court rejects Defendant's first argument in support of its motion for summary judgment.

#### b. Whether Defendant's reason for not promoting Plaintiff was non-discriminatory or pretextual

Absent direct evidence of age discrimination, courts apply a modified version of the test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The Sixth Circuit summarized the applicable test in *Bush v. Dictaphone Corp.,* 161 F.3d 363 (6th Cir.1998), as follows:

> Claims under the ADEA are typically analyzed within the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668[ ] (1973) (explaining the burden-shifting format). *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 310–13, 116 S.Ct. 1307, 134 L.Ed.2d 433[ ] (1996) (modifying the *McDonnell Douglas* framework for an ADEA case). Under the modified *McDonnell Douglas* framework, a plaintiff first must estab-

lish a prima facie case by showing that (1) he was at least 40 years old at the time of the alleged discrimination, (2) he was subjected to an adverse employment action, (3) he was otherwise qualified for the position, and (4) the successful applicant was substantially younger than the plaintiff. *See Barnett v. Department of Veterans Affairs,* 153 F.3d 338, 341 (6th Cir.1998). If the plaintiff establishes a prima facie case, the burden of production then shifts to the defendant to produce evidence of a non-discriminatory reason for its action. *See Barnett,* 153 F.3d at 341. If the defendant can come forth with such a reason, the burden returns to the plaintiff to demonstrate that the defendant's proffered reason is pretextual. *See id.*

161 F.3d at 367. *See Wanger v. G.A. Gray Co.,* 872 F.2d 142, 145 (6th Cir.1989); *Grant v. Harcourt Brace College Publishers,* No. 98–3829, 1999 WL 717982, at *3 (6th Cir. Sept. 9, 1999).

First, Defendant agrees that Plaintiff can establish a prima facie case. Plaintiff was at least 40 years old at the time he applied for a promotion to engineer; he was not promoted; he was otherwise qualified for the position; and other substantially younger persons were hired as engineers.

Second, given that Plaintiff can establish a prima facie case, the burden of production shifts to Defendant to produce evidence of a non-discriminatory reason for its action. According to evidence produced by Defendant, Plaintiff was removed from consideration because he had thirteen unexcused absences in a twelve month period and the most Defendant will allow is twelve unexcused absences. (*See* Def. Ex. B (Cannon Dep.) at 22, 39, 55, 78.) There is no genuine issue that Defendant gave a non-discriminatory reason for not promoting Plaintiff, and, therefore, Defendant met its burden in response.

Third, because Defendant can produce evidence of a non-discriminatory reason for its action, the burden returns to Plain-

tiff to demonstrate that Defendant's reason is pretextual. Plaintiff asserted two arguments in an attempt to satisfy this burden: (1) Defendant inconsistently applied the unexcused absences policy and (2) Defendant has not refuted Plaintiff's contention that it never promoted anyone over age 50.

Defendant responds that Plaintiff is conflating two separate policies: there is one policy for disciplining workers under the collective bargaining agreement, and another internal policy used for purposes of promotions. Furthermore, even if these policies were the same, Defendant argues that it was its prerogative to decide not to discipline Plaintiff for his absences but also to weigh the absences against promoting him. Plaintiff has stated that he was unaware of the unexcused absences threshold or that it even was a policy. Indeed, Defendant appears unable to produce a written policy used for promotions. Nevertheless, it is Plaintiff's burden to show that Defendant's reason is a pretext for age discrimination, and Plaintiff has not done so.

Plaintiff's second reason is that "Defendant Amtrak has offered no proof that employees within Plaintiff's age band were ever promoted anywhere in the company." (Pl. Resp. at 9.) In effect, Plaintiff is trying to shift his burden to Defendant. Plaintiff has the burden at trial, and in response to Defendant's motion, to produce some evidence that the reason given by Defendant for not promoting Plaintiff is a pretext for age discrimination. Plaintiff has failed to do so. Indeed, Plaintiff tacitly admits that he does not have sufficient evidence and that he needs more discovery.

■  Plaintiff asserts that the record is incomplete and that discovery not obtained should now be compelled. Indeed, on January 31, 2001, Plaintiff filed a "Motion to Compel Answers to Plaintiff's First Requests for Production of Documents ... and Plaintiff's First Interrogatories to Defendant." Discovery closed on October 18,

2000 after Plaintiff received two extensions. After the second extension, counsel for both parties were warned unambiguously that, "that any further requests for an extension of any of the dates ... will not be considered by this court." Discovery is not for the purpose of permitting a party engage in an unlimited attempt to probe the factual basis of a claim until there is enough evidence to make out a case. There are time limits prescribed by the Federal Rules of Civil Procedure and this Court's orders for the purposes of protecting parties from abuse and encourages parties to act. This Court's policies state that,

> Requests for remedies for abuse of discovery shall be promptly brought to the attention of the court by appropriate motion. Failure to promptly enforce discovery rights may be construed by the court as a waiver of the right to enforce such rights. Repeated promises of an opponent to respond to discovery is an insufficient justification for failing to timely enforce discovery rights.

This Court concludes that Plaintiff's failure to promptly enforce his discovery rights constitutes a waiver of such rights. Therefore, this Court will deny Plaintiff's Motion to Compel and any other request to reopen or continue discovery.

■ Even if the Court views the facts and draws all reasonable inferences therefrom in a light most favorable to Plaintiff, he still has not produced enough evidence to establish a claim for relief. Therefore, this court will grant Defendant's Motion for Summary Judgment.

### Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket Entry 31] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [Docket Entry 37] is **DENIED.**

**SO ORDERED.**

### *JUDGMENT*

This civil action having come before this Court, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a decision having been duly rendered,

**IT IS HEREBY ORDERED** and **AD-JUDGED** that Plaintiff and Defendant take nothing and that this civil action be dismissed on the merits.

**IT IS FURTHER ORDERED** that the Clerk serve a copy of this Judgment by United States mail on counsel for Plaintiff and on counsel for Defendant.