**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1829
_____

CEPHIA HAYES,
              Appellant

v.

NEW JERSEY DEPARTMENT OF HUMAN SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-20-cv-17075)
District Judge: Honorable Karen M. Williams
_____

Argued on March 6, 2024

Before: JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Opinion filed:July 19, 2024)
_____

David M. Koller [**ARGUED**]
Jordan D. Santo
Koller Law

2043 Locust Street
Suite 1B
Philadelphia, PA 19103
    *Counsel for Appellant*

David Coppola
James M. Duttera [**ARGUED**]
Office of Attorney General of New Jersey
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625
    *Counsel for Appellee*

———————

**OPINION OF THE COURT**

———————

**FREEMAN**, *Circuit Judge*.

Cephia Hayes sued her employer for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. The District Court held that Hayes's suit was time-barred because she filed it more than 90 days after learning that the Equal Employment Opportunity Commission (EEOC) would not pursue her claim. To reach this conclusion, the Court determined that Title VII's 90-day clock started to run when an EEOC staffer emailed Hayes's lawyer and uploaded a document to the agency's online portal. Because neither action provided notice sufficient to start the clock, we will vacate and remand.

# I

Hayes has worked for the New Jersey Department of Human Services (NJDHS) since 2004. She claims that, starting in 2016, her supervisor sexually harassed her and retaliated when she rebuffed him. In October 2019, she filed a charge of discrimination with the EEOC and its state counterpart.

The EEOC opted not to pursue the case. On March 11, 2020, an EEOC investigator emailed Hayes's lawyer and said the agency's "[r]eview of the available evidence does not establish a violation of [Title VII]." App. 277. Accordingly, the investigator explained that "[the EEOC] will issue you a Dismissal and Notice of Rights [i.e., a right-to-sue letter], which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further." *Id.* (Hayes's lawyer received and read the email the day the investigator sent it.) The EEOC says it posted Hayes's right-to-sue letter to its online portal that same day, and a copy of the letter lists March 11 as the date mailed.

Several months later, on August 27, 2020, Hayes's lawyer's office manager emailed the EEOC to request the right-to-sue letter. An EEOC staffer responded that day with a copy of the letter, which he said had been issued to Hayes and her lawyer on March 11 via mail and the online portal. Hayes says she did not receive the letter in the mail or otherwise see

3

the letter until August 27. Her lawyer (through his office manager) says the same.[1]

Hayes filed her lawsuit against NJDHS on November 24, 2020—more than eight months after the mailing date listed on the EEOC's letter but fewer than 90 days after Hayes and her lawyer claim to have received it. She brought claims under Title VII and state anti-discrimination law. At the close of discovery, NJDHS moved for summary judgment, arguing that Hayes's Title VII claims were time-barred. The District Court granted the motion. It held that the EEOC's March 11 email (or, in the alternative, its March 11 posting of the letter to the portal) provided sufficient notice of the EEOC's decision, and that Hayes's Title VII claims were therefore untimely.[2] Hayes timely appealed.

## II

The District Court had jurisdiction over the Title VII claims under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

We review a grant of summary judgment de novo, using the same standard as the District Court. *Doe v. County of Centre*, 242 F.3d 437, 446 (3d Cir. 2001). Summary judgment is appropriate only "if, when viewed in the light most favorable

---

[1] As Hayes points out, the mailing date on the EEOC's letter— March 11, 2020—coincides with the beginning of COVID-19 shutdowns in the United States.

[2] The District Court dismissed Hayes's state-law claims without prejudice for lack of subject matter jurisdiction. Hayes does not challenge this decision on appeal.

4

to the [nonmoving party], there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003).

## III

Before a plaintiff may file a lawsuit under Title VII of the Civil Rights Act of 1964, she must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 595 (1981). If the EEOC declines to pursue a plaintiff's charge, it "shall . . . notify" the plaintiff. 42 U.S.C. § 2000e-5(f)(1). Then, "within ninety days after the giving of such notice[,] a civil action may be brought." *Id.*

Title VII's 90-day clock is "strictly construed." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). While it "is not a jurisdictional predicate, in the absence of a recognized equitable consideration, [we] cannot extend the limitations period by even one day." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986) (per curiam) (cleaned up).

Under the statute, the 90-day clock begins "after the giving of . . . notice" that the EEOC has dismissed the charge of discrimination and that a suit may be brought. 42 U.S.C. § 2000e–5(f)(1). The EEOC usually gives that notice in the form of a right-to-sue letter. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). When it does so, the 90-day clock typically begins when the plaintiff (or her lawyer) receives the letter. *Id.* at 238–39 & n.1.

5

Though determining this start date is often straightforward, two complications may arise. First, there may be a dispute about when the plaintiff received the right-to-sue letter in the mail. When that date is unknown, we presume that the plaintiff received the letter three days after the agency sent it. *Id.* at 239 (citing Fed. R. Civ. P. 6); *see also Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266–67 & n.1 (5th Cir. 2015) (adopting the three-day presumption); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125 (9th Cir. 2007) (same). A plaintiff can rebut the three-day presumption by presenting evidence of delayed receipt. *See Seitzinger*, 165 F.3d at 239; *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 n.5 (3d Cir. 2003); *Payan*, 495 F.3d at 1126.

Second, sometimes the EEOC communicates with the plaintiff by means other than a mailed right-to-sue letter. When that happens, questions arise about whether this other communication suffices to start the 90-day clock. We have held that a communication from the EEOC will start the clock only if it is "equivalent" to a right-to-sue letter. *Ebbert*, 319 F.3d at 116 (holding that equivalent oral notice can start the clock).[3] For a communication to be equivalent to a right-to-

---

[3] *Ebbert* built on a line of cases in which we treated the EEOC's right-to-sue letter as the lodestar of adequate notice. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999) ("Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter."); *Seitzinger*, 165 F.3d at 238–39 ("[T]he date on which [the plaintiff or her lawyer] received the EEOC's right-to-sue letter . . . is . . . th[e] date [from which] we determine whether [her] complaint was

6

sue letter, it must be "as comprehensive" as the letter and "include[] an explanation of the start date" for the 90-day clock. *Id.* (cleaned up).[4]

Both complications arose here. Hayes and her lawyer claim that the right-to-sue letter never arrived in the mail and that neither of them received it until the EEOC emailed a copy to the lawyer's office manager on August 27. The parties also dispute whether the March 11 email from the EEOC investigator to Hayes's lawyer or the posting of the right-to-sue letter to the EEOC's online portal started the 90-day clock.

A

We begin where the District Court ended: with the March 11 email to Hayes's lawyer. The email stated that the EEOC's "[r]eview of the available evidence does not establish a violation of [Title VII]." App. 277. It then explained that the EEOC "*will* issue you a Dismissal and Notice of Rights, which

---

timely filed in federal court."); *Burgh*, 251 F.3d at 470 ("The on-set of the 90–day period is generally considered to be the date on which the complainant receives the right-to-sue letter.").

[4] Our equivalent-notice requirement aligns with the EEOC's implementing regulations, which provide that the agency's "determination shall inform the person claiming to be aggrieved . . . of the right to sue in Federal district court within 90 days of receipt of the determination." 29 C.F.R. § 1601.19(a); *see also id.* § 1601.28(e) ("The notice of right to sue shall include . . . [a]uthorization to the aggrieved person to bring a civil action under title VII . . . within 90 days from receipt of such authorization[.]").

7

*will* enable you to file suit in U.S. District Court *within 90 days of your receipt of that Notice* if you wish to pursue this matter further." *Id.* (emphases added).

Under *Ebbert*, this email was not equivalent to the right-to-sue letter and was therefore insufficient to start the 90-day clock. In that case, we analyzed a phone call in which an EEOC employee told the plaintiff that her charge of discrimination would be dismissed. *Ebbert*, 319 F.3d at 107. We held that "oral notice can suffice to start the 90-day period" but that it "must be equivalent to written notice." *Id.* at 116. The phone call at issue there was not equivalent to a right-to-sue letter because "no evidence show[ed] that [the plaintiff] was told or otherwise knew the 90 days would start running from the date of the conversation," *id.* at 116, rather than upon "receipt of a letter . . . subsequently sent," *id.* at 106. The March 11 email here is deficient for the same reason: it never said that the 90-day clock had started. Instead, it said that a right-to-sue letter was forthcoming, and that the limitations period would commence when the letter was subsequently sent.

That Hayes was represented by counsel does not alter this conclusion. In *Ebbert*, we observed in a footnote that the Sixth Circuit did not require equivalent notice in an earlier case. *Id.* at 116 n.16 (discussing *Ball v. Abbott Advert., Inc.*, 864 F.2d 419, 421 (6th Cir. 1988)). We noted that several factual differences could account for the divergent holdings. For instance, the EEOC communicated with Ebbert herself in our case, while the agency spoke with the plaintiff's lawyer in the Sixth Circuit's case. *Id.* Relying on that footnote, the District Court here held that *Ebbert*'s equivalent-notice requirement applies only when a plaintiff is pro se.

8

We read *Ebbert* differently. Its footnote did not limit the equivalent-notice requirement. It merely explained why we diverged from our sister circuit: "The specific facts in this case demonstrate to this court that the further requirement of completeness is essential." *Id.* To eliminate all doubt, we now clarify that *Ebbert*'s equivalent-notice requirement applies to pro se and counseled plaintiffs alike. Here, the March 11 email to Hayes's lawyer did not satisfy the equivalent-notice requirement, so it did not start the 90-day clock.

B

The same day that the EEOC investigator emailed Hayes's lawyer, the agency uploaded the right-to-sue letter to its online portal. We have not yet addressed whether such an action suffices to start the 90-day clock. Under the circumstances here—where the upload was not accompanied by a direct communication to the plaintiff or her lawyer—we hold that it does not.

The statute commands that the EEOC "shall . . . notify the person aggrieved" and ties the 90-day period to "the giving of such notice." 42 U.S.C. § 2000e-5(f)(1). Although we do not demand that notice take a "specific form," *Ebbert*, 319 F.3d at 116, we do require some affirmative act of communication from the EEOC to the plaintiff or her lawyer. *See, e.g.*, *Seitzinger*, 165 F.3d at 239 (letter); *Ebbert*, 319 F.3d at 116 (phone call). This requirement helps "strike[] a fair[] balance between a defendant's interest in a quick resolution of charges . . . and a plaintiff's interest in having adequate opportunity to bring suit and a clear understanding of when and where to do so." *Ebbert*, 319 F.3d at 116*; see also DeTata v. Rollprint Packaging Prods. Inc.*, 632 F.3d 962, 970 (7th Cir.

9

2011) (analyzing the notice requirement in light of the short length of the 90-day filing period).

Here, no evidence suggests that Hayes or her lawyer received any notification that the right-to-sue letter had been posted to the portal. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182–83 (7th Cir. 2021) (holding that the 90-day period began when the plaintiff received and read an email stating that the right-to-sue letter was available). Nor did the EEOC investigator who emailed Hayes's lawyer on March 11 instruct him to check the portal for the letter. Hayes and her lawyer therefore received no communication informing them that the right-to-sue letter had been issued and that the filing period had begun. Under these circumstances, the posting of the right-to-sue letter to the EEOC's online portal did not start the 90-day clock.

C

Because the email and the portal upload did not begin the filing period, we now turn to the mailed right-to-sue letter. The letter lists a mailing date of March 11, so we presume that Hayes received it three days later. *Seitzinger*, 165 F.3d at 239. But in a sworn declaration, Hayes said she never received the right-to-sue letter by mail and first saw it after her lawyer obtained it from the EEOC on August 27. Her lawyer's office manager also submitted a sworn statement that the law office never received the letter by mail, despite having scanned and documented all incoming correspondence.

Hayes has introduced enough evidence to rebut the three-day presumption and defeat summary judgment. The declarations from Hayes and the office manager support a finding "that receipt was delayed beyond the presumed

period." *Payan*, 495 F.3d at 1126. They create a dispute of material fact sufficient to defeat summary judgment on timeliness. *See Ebbert*, 319 F.3d at 117 (holding that a plaintiff's deposition testimony denying receipt of the right-to-sue letter was enough to defeat summary judgment); *Witt v. Roadway Express*, 136 F.3d 1424, 1430 (10th Cir. 1998) ("[E]vidence denying receipt creates a credibility issue that must be resolved by the trier of fact."). The letter's issuance during the period when COVID-19 shutdowns began in the United States also supports Hayes's theory that it was either misdelivered or never mailed. A jury therefore must resolve when Hayes or her lawyer first received the right-to-sue letter.

\*     \*     \*

For the reasons set forth above, we will vacate the District Court's order and remand for further proceedings.

11