**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1007
_____

DONNA GLAESENER,
Appellant

v.

PORT AUTHORITY OF NEW YORK & NEW JERSEY;
PORT AUTHORITY TRANS-HUDSON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cv-02294)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 8, 2024

Before: KRAUSE, BIBAS, and SCIRICA, *Circuit Judges*

(Filed November 12, 2024)

Heidi R. Weintraub
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS
1000 Haddonfield Berlin Road
Laurel Oak Corporate Center, Suite 203
Voorhees, NJ 08043
      *Counsel for Appellant*

Juan M. Barragan
Matthew Malysa
PORT AUTHORITY OF NEW YORK & NEW JERSEY
4 World Trade Center
150 Greenwich Street
New York, NY 10007
      *Counsel for Appellees*

––––––––––––––––––

OPINION OF THE COURT

––––––––––––––––––

BIBAS, *Circuit Judge*.

Though job interviews are subjective, they are usually legitimate tools for picking the best candidates. Donna Glaesener, a black woman, has worked at the Port Authority Trans-Hudson Corporation for almost three decades. In April 2018, she complained to the human-resources department that her "department was not diverse" and that she "felt that she was discriminated against based on the many roles she had competitively bid and did not receive as promotions." App. 5, 566–67. Two months later, she applied for a promotion to Safety Manager, but a white male candidate got it. Soon after, she applied

for another promotion, to Chief Operations Examiner. She was one of four candidates who interviewed for that job, but a white male candidate had a better interview score and got the job. That December, she filed a formal EEOC complaint, alleging the same discrimination. The following November, she sued the Port Authority, alleging that it had denied her those promotions because of her race.

Glaesener also applied for a February 2019 promotion to Principal Programs & Training Coordinator, but another black woman was chosen. And she applied for a September 2022 promotion to Superintendent of Transportation but lost out again to the same black woman. Glaesener alleges that the Port Authority denied her those promotions in retaliation for her 2018 discrimination grievances and her November 2019 discrimination lawsuit.

The District Court granted summary judgment for the Port Authority. It applied the familiar Title VII burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). It found that the Port Authority had legitimate reasons for not promoting Glaesener that were neither discriminatory or retaliatory, and that she had not shown that those reasons were pretexts. We review the grant of summary judgment de novo, viewing all facts and drawing all reasonable inferences in her favor. *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019).

Glaesener's discrimination claims fail. She has no evidence that she was passed over for Safety Manager because of her race. True, she had been at the Port Authority longer than the successful candidate. But she had only limited experience

3

working with regulators, and none budgeting, managing employees directly, or developing capital programs. Plus, she had not implemented safety compliance or emergency management. The successful candidate had outstanding performance and much more relevant experience from his time directing a city fire department. She cites no evidence that he was trained and groomed for the job because of his race, as opposed to his greater readiness for it.

Nor does Glaesener cite evidence that she lost out on a promotion to Chief Operations Examiner because of her race. She stresses her bachelor's degree, but none was required for the job.

She also denigrates her lower interview score as subjective. But poor interview performance is a legitimate, non-discriminatory reason for employment decisions. *See, e.g.*, *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009); *Henderson v. Mass. Bay Transp. Auth.*, 977 F.3d 20, 30 (1st Cir. 2020); *Chapman v. AI Transp.*, 229 F.3d 1012, 1033–34 (11th Cir. 2000) (en banc). Thus, employers may use interviews so long as they assess relevant criteria and are not "entirely subjective." *Jones v. Barnhart*, 349 F.3d 1260, 1267–68 (10th Cir. 2003); *accord Turner*, 563 F.3d at 1145.

Here, the interview questions were job-related because they assessed the interviewees' technical knowledge, general competency, and communication skills. And there is no evidence that the interviewers "injected their own additional subjective criteria into the evaluation process." *Turner*, 563 F.3d at 1145. To the contrary, the applicants "answered the same questions, and the interviewers ranked the applicants' responses using predetermined criteria." *Id.* The District Court thus reasonably

4

found no evidence that the interview here had been "manipulat[ed] or abuse[d]." App 12.

Glaesener's retaliation claims likewise fail. She has no evidence that she was denied the promotion to Principal Programs & Training Coordinator in retaliation for complaining about discrimination in her division and filing the EEOC complaint. She cites no evidence that any of the interviewers knew of her lawsuit. What is more, the successful candidate was qualified, having worked as Operations Examiner and then Assistant Trainmaster for a total of eight years; no further experience or certifications were required. The successful candidate also scored best in the interview, which is why she got the job. There is no evidence of retaliation.

Glaesener also has no evidence that she was denied promotion to Superintendent of Transportation in retaliation for her complaint and lawsuit from nearly three years earlier. The successful candidate had an interview score of 44, versus Glaesener's 18. Glaesener was crying, "emotional," and "very flustered" in her interview; she even "slapped the table a few times out of maybe frustration." App. 15. She claims that the interviewers' notes omitted some detail, but nothing casts doubt on their explanation that the successful candidate did far better.

Because the Port Authority has legitimate, nondiscriminatory, nonretaliatory reasons for each failure to promote, and Glaesener has no evidence of pretext, we will affirm.