**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2624
_____

SURJEET BASSI; JASWINDER CHILANA; TAJINDER SINGH; SURJIT SINGH;
DARSHAN SINGH CHILANA,
Appellants

v.

MOUNT AIRY, NO. 1 LLC, d/b/a Mount Airy Casino Resort
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:23-cv-00550)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 1, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*.

(Opinion filed: May 8, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

On January 12, 2023, Appellants, who are natives of India and speak Punjabi,

drove to the Mount Airy Casino Resort (the "Casino") to gamble. But this was not their

first time visiting the Casino. During a prior visit, Randy Haggerty, a Casino employee,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

noted that Appellant Jaswinder Chilana was "bankrolling" other guests at a table.[1] And on at least five occasions before January 12, 2023, Larry Mueller, a table games senior shift manager at the Casino, warned Chilana about exceeding table maximums. So, when Appellants arrived on January 12, Mueller told table supervisors to keep an eye on Appellants because they were known to share bankrolls and exceed table maximums, in violation of the Casino's policy.

While Appellants were playing Roulette that night, Jennifer Weidner, a floor supervisor, grew suspicious that Chilana was impermissibly bankrolling another player. Weidner approached Appellants and asked them to only speak English when placing bets at the table.[2] Chilana became irate. Mueller tried to diffuse the situation, but Appellants chose to leave the Casino.

On the facts above, Appellants sued the Casino alleging discrimination under 42 U.S.C. § 1981, 42 U.S.C. § 2000a ("Title II"), and the Pennsylvania Human Relations Act (the "PHRA"). The District Court granted the Casino's motion for summary judgment, holding that Appellants failed to provide sufficient evidence of intentional discrimination. This appeal followed.

---

[1] Impermissible bankrolling occurs when players combine chips from the same buy-in and exceed the table maximum.

[2] The Casino's Roulette tables did not have "English Only" signage posted, but the Casino employees consistently testified that the Casino prohibits speaking foreign languages while gambling at a live table.

On appeal, Appellants argue that they identified genuine disputes of material fact regarding whether the Casino intentionally discriminated against them because they are Indian, which would defeat summary judgment on all three of their intentional-discrimination-based claims.[3] But to assert any of their claims for intentional discrimination, there must be intentional discrimination. *Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir. 2005) (defining "discriminatory intent" as implying "that the decision-maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group" (omission in original) (quoting *Pers. Adm'r v. Feeney*, 442 U.S. 256, 279 (1979)). There was none here.

To be sure, there is ample evidence that the Casino asked Appellants to speak English at the table. But the unrebutted evidence shows that the Casino only enforced an "English Only" rule because it thought Appellants were cheating and could not police the situation if Appellants were speaking Punjabi.

Appellants' attempts to rebut this evidence fall flat. Appellants point to evidence that: (1) they were not *in fact* cheating; and (2) the "English Only" rule was not widely

---

[3] We review de novo a district court's decision granting summary judgment. *Glaesener v. Port Auth.*, 121 F.4th 465, 467 (3d Cir. 2024) (citing *Tundo v. County of Passaic*, 923 F.3d 283, 286–87 (3d Cir. 2019)). "Summary judgment is appropriate only 'if, when viewed in the light most favorable to the [nonmoving party], there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Hayes v. N.J. Dep't of Hum. Servs.*, 108 F.4th 219, 221 (3d Cir. 2024) (alteration in original) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003)).

known to Patrons and instead was "*ad hoc*" applied. Opening Br. 2–6. But neither creates a material dispute of fact of intentional discrimination.

First, whether Appellants were in fact cheating says nothing of whether the Casino believed Appellants were cheating such that they asked Appellants to speak English. Instead, to credit Appellants' evidence that they were not in fact cheating as sufficient to show intentional discrimination on the basis of Appellants' national origin, we would have to infer that the Casino *knew* Appellants were not cheating and told them to stop speaking Punjabi anyway. There is no evidence to that effect.

Second, Appellants suggest that because there was no "English Only" signage at the Roulette table and they were asked to speak English, discrimination must have been afoot. Again, there is no evidence that the "English Only" rule was selectively applied against them; there is only testimonial evidence that other foreign-speaking patrons, *not* suspected of cheating, were not asked to stop speaking their foreign language while gambling. That is not evidence of intentional discrimination.[4] Thus, we will affirm the District Court's order.

---

[4] Appellants also suggest that the Casino employees fabricated the "English Only" rule to cover up their intentional discrimination. No record evidence supports this position.